Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
600 California Street, 18th Floor
San Francisco, CA 94108-2711
Ph: (415) 651-1951
Fax: (415) 956-3233
mark@aoblawyers.com

Attorneys for Plaintiffs Mustafa H. Yasar & Danielle Yasar aka Danielle Najeeullah

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA H. YASAR, & DANIELLE YASAR aka DANIELLE NAJEEULLAH,<br><br>Plaintiffs,<br><br>v.<br><br>RICKENBACKER GROUP, INC., a California corporation dba Rickenbacker Collection Services, EXPERIAN INFORMATION SOLUTIONS, INC, a Ohio corporation; TRANS UNION LLC, a Delaware corporation;<br><br>Defendants. | Case No. CV 10 0922<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act 15 USC § 1681 *et seq.*, Fair Debt Collection Practices Act, 15 USC § 1692 et seq., and related state law claims; related state law claims]<br><br>DEMAND FOR JURY TRIAL |

**Jurisdiction and Venue**

1. This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* (FCRA). The court has jurisdiction over the FCRA claims pursuant to 15 USC §1681p and over the California law claims pursuant to 28 USC § 1367.

2. Plaintiffs bring claims against the defendant credit reporting agencies Experian Information Solutions, Inc., an Ohio corporation, and Trans Union LLC, a Delaware corporation, and against defendant Rickenbacker Group, Inc. dba Rickenbacker Collection

Services ("Rickenbacker"), a California corporation, based on violations of the Fair Credit Reporting Act.

3. Venue is proper in this district. Defendant Rickenbacker has its principal place of business within this district.

### Statement of Facts

4. **Facts Concerning a 1992 Lincoln Continental.** On March 1, 2006, plaintiff Mustafa H. Yasar sold a 1992 Lincoln Continental to an individual for $300. Plaintiff sent a Release of Liability form to DMV. In May 2006, plaintiff received a letter from Wawanesa Mutual Insurance Company demanding compensation for a property damage stemming from an accident involving the 1992 Lincoln Continental. By June 14, 2006, plaintiff obtained a statement from the Los Angeles Police Department clearing plaintiff of having any responsibility for the accident since he was not the owner or drive of the car at the time of the accident.

5. On or about October 6, 2006, the 1992 Lincoln Continental was towed by Bruffy's Del Rey Tow, Marina Del Rey, California. The tow company conducted a lien sale on November 14, 2006. A parts company paid $200 for the car. The tow company's notice of lien sale states $1,166 was due and owing for towing and storage charges.

6. **Facts Concerning a 1991 Jaguar.** In July 2007, plaintiff Mustafa H. Yasar parked the 1991 Jaguar car belonging to him and his wife Danielle Yasar at a Metrolink station in Los Angeles while he went out of town to see his mother, who was ill at the time. Plaintiff Mustafa Yasar was not able to return as he originally planned due to his mother's illness. While he was gone, on July 27, 2007, the sheriff's department had the car towed from the Metrolink lot because the proper sticker was not displayed. After plaintiff returned to Los Angeles, plaintiff obtained a release of the vehicle from the Los Angeles Sheriff's Department on August 9, 2007. Plaintiff went to the storage lot maintained by Girard & Peterson, Inc., the

tow company to get the car. The tow company demanded tow and storage charges of $500. At that time, plaintiff reached an agreement with the tow company to sell the vehicle in exchange for a waiver of the tow and storage charges. The tow company sold the car on September 5, 2007, for $675. However, the tow company then claimed a balance due of $788 for the towing and storage (in breach of the agreement with plaintiff).

7. **The Tow Companies Assigned the Alleged Debts to Rickenbacker.** The tow companies assigned the alleged debts for towing and storage for the 1992 Lincoln Continental and the 1991 Jaguar, to defendant Rickenbacker Group, Inc., a collection agency that specializes in collecting unpaid tow and storage debts.

8. Defendant Rickenbacker is a customer of defendants Experian and Trans Union and as such it has access to those companies' massive credit files. As a subscriber, Rickenbacker has the ability to cause reports of debts to be reported on virtually anyone's credit reports.

9. Rickenbacker reported the alleged debts for the 1992 Lincoln Continental and the 1991 Jaguar as owed by plaintiffs Mustafa Yasar and Danielle Yasar to defendants Experian and Trans Union in November 2006 and September 2007, respectively. Experian and Trans Union began reporting the accounts on those dates to anyone checking plaintiffs' credit reports.

10. **Plaintiffs' Disputed the Accounts.** Plaintiffs disputed the Rickenbacker reports as inaccurate by communicating with defendant Experian, Trans Union and Rickenbacker on multiple occasions, including disputes within the last two years.

11. As required by the FCRA, Experian and Trans Union were required to conduct a reasonable investigation as to whether the account should be on plaintiff's credit files. As part of the investigation, Experian and Trans Union contacted Rickenbacker about the dispute.

12. Experian and Trans Union failed to conduct a reasonable reinvestigation of the Rickenbacker report after plaintiffs disputed the debt.

13. Rickenbacker failed to fulfill its obligations under 15 USC § 1681s-2(b) to conduct a reasonable investigation of the disputes after it was notified by Experian and Trans Union that plaintiffs disputed the account.

14. The Rickenbacker accounts reported by Experian and Trans Union lowered plaintiffs' credit score to the point they were turned down for credit.

### The Parties

15. Plaintiffs Mustafa Yasar and Danielle Yasar are consumers as defined by 15 USC §1681a(c).

16. Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

17. Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, Illinois. Trans Union is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

18. Defendant Rickenbacker is a debt collector and furnisher of information to Experian with its principal place of business in Morgan Hill, CA.

**First Claim: Experian's and Trans Union's Violations of the Fair Credit Reporting Act, 15 USC § 1681i**

19. Plaintiff incorporates by reference ¶¶ 1-18.

20. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A). The Act further requires the credit reporting agency, within

5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

21. Within the two years preceding the filing of this complaint, plaintiff notified Experian and Trans Union of inaccuracies contained in its report on plaintiffs and have asked these defendants to reinvestigate and correct the inaccuracy.

22. Experian and Trans Union failed to conduct a proper reinvestigation of the items of information that plaintiffs disputed.

23. Experian and Trans Union failed to provide timely and complete notification to the furnisher of the disputed information.

24. Experian and Trans Union failed to review and consider all relevant information submitted by plaintiffs.

25. Experian and Trans Union violated the provisions of 15 USC § 1681i in the respects alleged above and in other ways presently unknown to plaintiffs. These violations by defendants were negligent and willful.

26. As a result of the above-described violations of § 1681i, plaintiffs have been damaged. Plaintiffs continue to suffer actual damages and plaintiffs will suffer more damages in the future.

27. Plaintiffs request punitive damages pursuant to 15 USC § 1681n(a)(2) against Experian and Trans Union.

28. Plaintiffs request costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Second Claim: Violations by Rickenbacker of the Fair Credit Reporting Act, 15 USC § 1681s-2(b)**

29. Plaintiffs incorporate by reference ¶¶ 1—18.

30. The FCRA requires a furnisher, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

31. Within the last two years, the defendant Rickenbacker has furnished inaccurate information about plaintiffs to Experian and Trans Union.

32. Within the past two years, plaintiffs notified the Rickenbacker that they dispute the inaccurate information reported by it.

33. Experian and Trans Union notified Rickenbacker that plaintiffs have disputed the information it has furnished concerning plaintiffs.

34. Plaintiffs is informed and believes that Experian and Trans Union provided Rickenbacker with the relevant information plaintiffs provided to Trans Union and Experian, as required by 15 USC § 1681i(a)(2).

35. Rickenbacker negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to Experian and Trans Union, by failing to modify, delete or permanently block the reporting of the inaccurate information about plaintiffs, and by failing to report to Trans Union and Experian that the account was disputed by plaintiffs.

36. As a result of the above-described violations of § 1681s-2(b), plaintiffs have been

<400>damaged. Plaintiffs continue to suffer actual damages and plaintiffs will suffer more damages in the future.

37. Plaintiffs request punitive damages pursuant to 15 USC § 1681n(a)(2).

38. Plaintiffs request costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Third Claim: Violations by Rickenbacker of the Fair Debt Collection Practices Act, 15 USC § 1692 et seq**

39. Plaintiff incorporates by reference ¶¶ 1—18.

40. Rickenbacker principal business is collecting debts using the mail and telephone.

41. Rickenbacker is a debt collector as defined by the Fair Debt Collection Act.

42. On numerous dates, plaintiff notified Rickenbacker orally that the account did not belong to him. However, Rickenbacker thereafter failed to cease and desist from its collection activities.

43. Defendant Rickenbacker violated the FCRA by using false, deceptive or misleading representations or means in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

44. Rickenbacker violated 15 U.S.C. § 1692c by failing to cease and desist after plaintiffs notified Rickenbacker that he was refusing to pay the tow bill.

45. Rickenbacker violated 15 U.S.C. § 1692d by making telephone calls to plaintiffs with the intent to annoy, abuse, and harass him.

46. The acts alleged above caused plaintiffs damages, including emotional distress.

47. As a result of the above violations of the FDCPA, the defendant debt collector is liable to plaintiffs for actual damages, statutory damages, and costs and attorney's fees.

**Fourth Claim: Violations by Rickenbacker of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 *et seq.***

48. Plaintiffs incorporate by reference ¶¶ 1—18.

*Yasar v Rickenbacker, et al.*, ND Cal. case no.
Complaint and Jury Demand                                           7

49. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

50. Defendant Rickenbacker negligently and willfully furnished information to defendants Experian and Trans Union that they knew or should have known was inaccurate.

54. Based on Rickenbacker's violations of Civil Code § 1785.25 (a), plaintiffs are entitled to the remedies afforded them by § 1785.31, including actual damages, attorney's fees, pain and suffering, punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER

WHEREFORE, plaintiffs pray for judgment as follows:

On the First and Second claims, for violations of the Fair Credit Reporting Act:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Costs of the action together with reasonable attorneys fees as determined by the court.

On the Third Claim against Rickenbacker for violations of the Fair Debt Collection Practices Act:

1. A declaratory judgment that said defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages pursuant to 15 USC § 1692k;
4. Costs and reasonable attorney's fees pursuant to 15 USC § 1692k.

//

*Yasar v Rickenbacker, et al.*, ND Cal. case no.
Complaint and Jury Demand

8

On the Fourth Claim against Rickenbacker for violations of the California Credit Reporting Agencies Act:

1. Actual damages;
2. Punitive damages; and
3. Injunctive relief.

Dated: March 3, 2010.    ANDERSON, OGILVIE & BREWER LLP

By /s/ Mark F Anderson
Mark F. Anderson
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues.

Dated: March 3, 2010.    ANDERSON, OGILVIE & BREWER LLP

By /s/ Mark F Anderson
Mark F. Anderson
Attorney for Plaintiffs

*Yasar v Rickenbacker, et al.*, ND Cal. case no.
Complaint and Jury Demand                                                                 9