1  JUNE COLEMAN, State Bar No. 191890
   jcoleman@kmtg.com
2  CANDICE L. FIELDS, State Bar No. 172174
   cfields@kmtg.com
3  KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
   400 Capitol Mall, 27th Floor
4  Sacramento, CA 95814
   Telephone: 916.321.4500
5  Facsimile: 916.321.4555

6  Attorneys for Defendant, RICKENBACKER GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MUSTAFA H. YASAR & DANIELLE YASAR aka DANIELLE NAJEEULLAH,<br><br>Plaintiff,<br><br>v.<br><br>RICKENBACKER GROUP, INC., a California corporation dba Rickenbacker Collection Services, EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation; TRANS UNION LLC, a Delaware corporation,<br><br>Defendants. | CASE NO. 3:10-cv-00922-WHA<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENSE COUNSEL; DECLARATION OF JUNE D. COLEMAN**<br><br>Date: April 14, 2011<br>Time: 8:00 a.m.<br>Judge: Honorable William Alsup<br>Location: 450 Golden Gate Avenue<br>Courtroom 8, 19th Floor,<br>San Francisco, CA 94102 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 14, 2011, at 8:00 a.m. in Courtroom No. 8, 19th Floor of the above-captioned Court, KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD, counsel of record for RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTION SERVICES (hereinafter "RICKENBACKER"), will move to withdraw as RICKENBACKER's counsel of record pursuant to **Civil Local Rule 11-5.**

The grounds for the Motion are that RICKENBACKER consents to the requested withdrawal. Also, RICKENBACKER has not paid counsel for legal services provided in this

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

964450.1 12345.009 - 1 - Case No.: 3:10-cv-00922-WHA

NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENSE COUNSEL

case.

The instant Motion is based upon the attached Memorandum of Points and Authorities, the attached Declaration of June D. Coleman, the files and records in the case, and any further evidence or argument presented at the hearing for this Motion.

Dated: March 4, 2011

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: */s/ Jude D. Coleman*
    June D. Coleman
    Attorneys for Defendant,
    RICKENBACKER GROUP, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Kronick Moskovitz Tiedemann & Girard ("KMTG"), counsel of record for RICKENBACKER COLLECTION SERVICES (hereinafter "Rickenbacker") in the above captioned matter, requests that this Court grant KMTG leave to withdraw from the representation. As explained below, withdrawal is appropriate in this instance and will not significantly prejudice the Plaintiff, the Court, or RICKENBACKER.

## II. RELEVANT HISTORY

This action arises from alleged violations of the federal Fair Credit Reporting Act ("FCRA"). Liability is disputed, but the parties have reached a settlement. However, defense counsel is informed that Rickenbacker is no longer in business, and thus may not pay the settlement amount. Absent payment of the settlement funds, which are not due until March 20, 2011, Plaintiff may seek to enforce the settlement. For these reasons, KMTG feels compelled to file a motion to withdraw. (Coleman Decl., ¶ 2.)

KMTG has discussed the issue of withdrawal from the representation of RICKENBACKER with RICKENBACKER. RICKENBACKER has discharged KMTG and consented to KMTG's withdraw as counsel of record. (*Id.* at ¶ 4.)

Furthermore, RICKENBACKER has informed KMTG that it can no longer pay any defense costs and will have difficulty paying the defense costs incurred. Moreover, RICKENBACKER has breached its legal services agreement with KMTG and has not paid agreed to fees. (*Id.* at ¶ 3.)

## III. LEGAL ARGUMENT

### A. Withdrawal of Counsel in This Instance Is Appropriate

**Local Rule 11-5** requires an attorney to seek leave from the court before withdrawal. The decision to grant or deny counsel's motion to withdraw is within the discretion of the trial court. (*Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982); *Beard v. Shuttermart of Cal., Inc.* 2008 WL 410694, p. 2 (S.D. Cal. 2008).) Even in cases where the client

is a corporation, courts should permit withdrawal if there is good reason. (See, e.g., *Liang v. Cal-Bay Intern., Inc.*, 2007 WL 3144099 (S.D. Cal. 2007) (withdrawal permitted by court despite the fact that client was a corporation).)

Courts often weigh four factors in determining whether to grant or deny such a motion. (*Nedbank Intern., Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, p. 2 (C.D. Cal. 2008); *Taylor v. Stewart*, 20 F.Supp.2d 882, 883-85 (E.D Pa. 1998) These factors include the following: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." (*Id.*)

A valid reason for withdrawal exists where the client consents to the withdrawal. (See **Cal. R. Prof. Conduct 3–700(C)(5)**; see also 2 Vapnek, Paul, W., et al., *California Practice Guide: Professional Responsibility* (Rutter Group rev. ed. 2010) p. 10-11, ¶ 10:68.) An attorney may withdraw if the client "knowingly and freely" agrees to terminate employment. (2 Vapnek, *supra*, at p. 10-11, ¶ 10-68.)

Another valid reason for withdrawal exists where the client makes it "unreasonably difficult for the attorney to carry out the employment effectively."[1] (**Cal. R. Prof. Cond. 3–700(C)(1)(d).**) In determining whether withdrawal will be permitted, courts will consider whether the client is cooperative and willing to assist the attorney in the case. (*National Career College, Inc. v. Spellings*, 2007 WL 2048776, at *2 (D. Haw. 2007) (withdrawal permitted based on client's failure to communicate regarding handling of case).) Thus, an inability to contact the client is valid reason for withdrawal. (See, e.g., **Cal. R. Prof. Cond. 3–700(B)**;2 Vapnek, *supra*, p. 10-9, ¶ 10:48.) A client's repeated failure to communicate with counsel in not responding to phone calls and written communication is sufficient to be considered conduct making it unreasonably difficult for counsel to carry out the litigation. (*Steele v. Hernandez*, 2:06-CV-02088, 2007 WL 1521038, *1 (E.D. Cal. 2007) (withdrawal permitted where clients failed to

---

[1] KMTG is limited in its ability to disclose all information in light of its professional obligations under California law. (See **Cal. R. Court 3.1362(c)**.) However, California law does permit defense counsel to inform the court in broad terms that the client has made it unreasonably difficult to carry out the representation and/or "the client has not paid agreed fees." (See 2 Vapnek, *supra*, at p. 10-17 through 10-18, ¶ 10:101.)

respond to phone calls and written communication); see also *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1139-40 (9th Cir. 1989) (withdrawal granted even though plaintiff was a corporation because it failed to consistently respond to counsel's communications).)

An attorney may also withdraw when the client violates the legal services agreement, including failure to maintain communication with the attorney. **(Cal. R. Prof. Cond. 3-700(C)(1)(f).)** Courts have also held that the failure to pay attorney's fees is grounds for withdrawal. (See *Schueneman v. 1st Credit of America, LLC*, No. C 05 4505 MHP, 2007 WL 1969708, at *7-8 (N.D. Cal. July 6, 2007); *Statue of Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986).)

Here, the relevant factors weigh in favor of permitting KMTG to withdraw. First, the reasons for the withdrawal are valid ones: (1) RICKENBACKER agrees to terminate the employment (Coleman Decl., ¶ 4); (2) RICKENBACKER will no longer pay the costs for its defense; and (3) RICKENBACKER has violated the terms of the legal services agreement (*id.* at ¶ 3).

Under the second factor, the Court must consider the prejudice to the parties that a withdrawal would cause. Since a corporation cannot appear *pro se*, RICKENBACKER would need to find other counsel. However, the case is settled. Therefore, the prejudice to RICKENBACKER is negligible here. Furthermore, KMTG is prepared to forward the entire case file to RICKENBACKER within 3 business days of the granting of this Motion so as to limit any possible prejudice due to withdrawal, if requested by Rickenbacker. (*Id.* at ¶ 6.)

Similarly, Plaintiff would not suffer any significant undue prejudice due to a withdrawal. The case has settled, and any delay would be in relation to enforcing a settlement agreement. And the settlement funds are not yet due.

The final factors this Court should consider are whether the withdrawal would harm the administration of justice and the degree to which withdrawal will delay the resolution of the case. Since the case has settled, this factor lies in favor of granting the motion to withdraw.

///

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

964450.1 12345.009 - 5 - Case No.: 3:10-cv-00922-WHA

NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENSE COUNSEL

## IV. CONCLUSION

KMTG respectfully requests that this Court enter an order granting its Motion to Withdraw, and to direct RICKENBACKER to obtain other counsel. Good cause exists for such an order, and there will be little if any prejudice to the parties or the Court if the Motion is granted.

Dated: March 4, 2011

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: */s/ June D. Coleman*
June D. Coleman
Attorneys for Defendant
RICKENBACKER COLLECTION dba
RICKENBACKER GROUP

## DECLARATION OF JUNE D. COLEMAN

I, June D. Coleman declare as follows:

1. I am an attorney duly licensed to practice in all courts of the State of California, as well as all the federal courts in California and the Ninth Circuit Court of Appeals. I am of counsel with the law firm of Kronick Moskovitz Tiedemann & Girard ("KMTG"), attorneys of record for RICKENBACKER COLLECTION SERVICE (hereinafter jointly "Rickenbacker"). I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2. This action arises from alleged violations of the federal Fair Credit Reporting Act ("FCRA"). Liability is disputed, but the parties have reached a settlement. However, defense counsel is informed that Rickenbacker is no longer in business, and thus may not pay the settlement amount. The settlement amount is not yet due; settlement funds are due on March 20, 2011. Absent payment, Plaintiff may seek to enforce the settlement. Therefore, KMTG feels compelled with move to withdraw from this case.

3. Rickenbacker has informed me that it can no longer pay any defense costs. Rickenbacker has not paid KMTG the agreed to fees. Rickenbacker is in breach of its legal services agreement. I am informed and believe that Rickenbacker has closed.

4. I discussed the issue of my firm's withdrawal from the representation of RICKENBACKER with Mr. Casas, the owner of Rickenbacker. He agreed that KMTG could withdraw, and indeed discharged KMTG.

5. RICKENBACKER was served with this Motion by mailing the moving papers, as demonstrated by the proof of service. Prior to service of the Motion, I notified RICKENBACKER in writing that it could not appear in this action pro se, and that if withdrawal is granted, it would need to obtain new counsel. I also told RICKENBACKER that if it did not obtain new counsel, it could face a default of some kind in light of the settlement. I did not receive any response from my email. I did not receive any notification that the email was not deliverable.

6. KMTG is prepared to forward the entire case file to RICKENBACKER within 3 business days of the granting of this Motion so as to limit any possible prejudice due to withdrawal, if requested by Rickenbacker.

7. I met and conferred with Mr. Anderson, plaintiff's counsel, via e-mail regarding this Motion on March 3, 2011. Mr. Anderson has indicated that he will not oppose the Motion.

I declare under the penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed at Sacramento, California on March 4, 2011.

          /s June D. Coleman
          JUNE D. COLEMAN

# PROOF OF SERVICE

I, Maureen McGuire, declare:

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 400 Capitol Mall, 27th Floor, Sacramento, California 95814. On March 4, 2011, I served a copy of the within document(s):

**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENSE COUNSEL; DECLARATION OF JUNE D. COLEMAN**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☒ **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following:

Mark F. Anderson, Esq.
Anderson, Ogilvie & Brewer LLP
600 California Street, 18th Floor
San Francisco, CA 94108-2711
E-Mail: mark@aoblawyers.com

Carlos Casas
Rickenbacker Group, Inc.
15005 Concord Circle
Morgan Hill, CA 95037
By U.S. Mail

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 4, 2011, at Sacramento, California.

*/s/ Maureen McGuire*
MAUREEN McGUIRE